HENRY COUNTY *ex rel.* BRIER v. TAYLOR, admr.

Administrator: EFFECT OF COMPROMISE. Where an administrator has obtained an order to compromise a claim, and effects a compromise accordingly, a motion by a creditor to set the same aside for alleged fraud was held properly overruled without prejudice to the creditor's right to pursue his remedy in equity by filing bill to set the compromise aside.

Henry County v. Taylor.

*Appeal from Henry Circuit Court.*

FRIDAY, MARCH 21.

THE facts of the case are stated in the opinion. The plaintiff appeals.

*L. G. Palmer* for the appellant.

*Jno. S. Woolson* for the appellee.

COLE, J. — I. On the 7th day of September, 1871, a petition was filed with the clerk, entitled as above, and alleging that a bastard child had been born, and likely to become a county charge, and that Robert A. Taylor was the father; and then alleged that said Taylor had departed this life and the defendant had been appointed administrator of his estate. The petition asked that process issue and such action be taken as shall charge properly the support of said child. To this petition the defendant demurred because such proceeding could not be maintained against the administrator, no steps having been taken against the putative father in his life-time. This demurrer was sustained. But, as no exception was taken to the ruling of the court in sustaining the demurrer, no question is properly presented for our determination.

II. On the 6th day of September, 1871, on the application of Robert B. Taylor, he was appointed by the circuit court, administrator of the estate of his deceased son, Robert A. Taylor. On the same day he gave bond and took and subscribed an oath and received his commission as required by law. On the same day also he filed his petition asking for authority to compromise and settle a claim of the estate against the B. & M. R. R. Co., on account of the circumstances connected with the death of said deceased, who was, at the time, in the employ of said railroad company. On the hearing of this application an order was made authorizing the administrator to settle the claim on the most advantageous terms, but

in no event for less than $750. The administrator settled the claim on the same day, and received $750 in full therefor; and at once filed an inventory of all the personal estate of said deceased, including the sum so received.

On the next day Nancy J. Brier filed her motion or application to set aside the order for and ratification of said compromise, stating that she had a claim against said estate for a large amount, beyond its ability to pay unless the compromise be set aside and a full recovery for the claim be had; that a judicious prosecution of such claim would greatly increase the assets of said estate; that the compromise of said claim was effected by fraud and collusion between said administrator and the railroad company. Objections to this motion were filed, and on the 20th day of September, 1871, said motion was overruled; but leave was granted to amend the same.

On the 14th day of October, 1871, the motion was amended, by setting out more specifically the facts out of which her claim arose, being matters connected with the intercourse and bastardy; and also setting out more fully the grounds of the claim against the railroad company, and the fraud and collusion respecting the compromise. Upon final hearing this, too, was overruled. Exception was duly taken, and this ruling is assigned as error.

Without determining the rights of the parties upon the facts stated, we are entirely agreed that such rights cannot properly be adjudicated under such a motion and the necessarily summary proceedings under it. A suit in equity in which the railroad company should be made a party, as well as the administrator, and in which all the merits of the plaintiff's claim and those of the claim compromised, as also the facts showing the fraud and collusion, if any, in the compromise, is the only method whereby proper and complete relief could be obtained. The court below entertained these views, and therefore rightly overruled the motion without prejudice to any other action.

Affirmed.